AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**NORTHERN** DISTRICT OF **CALIFORNIA**

Filed JUL 10 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

SEALED BY ORDER OF THE COURT

UNITED STATES OF AMERICA

v.

ROGER BAO DOANH LY,

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

**07 70403**

RS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 6, 2007__ in __Santa Clara__ county, in the __Northern__ District of __California__ defendant(s) did, (Track Statutory Language of Offense)

SEE ATTACHMENT A

in violation of Title __18__ United States Code, Section(s) __2113(a)__

I further state that I am a(n) __Special Agent-F.B.I.__ and that this complaint is based on the following
                                    Official Title
facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved
As To
Form: _____
         AUSA: CARLOS SINGH

_____
Name/Signature of Complainant:

Sworn to before me and subscribed in my presence,

__7/10/07__                                                at    SAN JOSE, CA
Date                                                                City and State

U.S. MAGISTRATE RICHARD SEEBORG                    _____
Name & Title of Judicial Officer                                Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

ATTACHMENT A

On or about July 6, 2007, in the Northern District of California, the defendant, Roger Bao Doanh Ly did by force and violence, or by intimidation, take, or attempted to take, from personal at the Wells Fargo Bank, located in Santa Clara California, and obtained or attempted to obtain by extortion money belonging to, or in the care, custody, control, management, or possession, of said bank; all in violation of 18 U.S.C. 2113(a).

Maximum Penalties:
20 years imprisonment
$250,000 fine
5 years supervised release
$100.00 special assessment

Case 5:07-mj-70403-MRGD    Document 1    Filed 07/10/2007    Page 2 of 9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

AFFIDAVIT OF SPECIAL AGENT
VINH D. NGUYEN IN SUPPORT OF
CRIMINAL COMPLAINT AND ARREST

I, Vinh D. Nguyen, Special Agent of the Federal Bureau of Investigation (FBI), Department of Justice, San Jose, California, being first duly sworn, depose and say:

**INTRODUCTION**

1. This affidavit is made in support of a criminal complaint and arrest warrant for ROGER BAO DOANH LY, who resides at 1042 Huckleberry Court, Sunnyvale, California. He is currently detained on state charges as noted in paragraph 13 below. Based on the following facts, there is probable cause to believe that LY has violated 18 U.S.C. § 2113(a).

2. Title 18, United States Code, Section 2113 provides in pertinent part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care,

v2.0

1

custody, control, management, or possession, of any bank…[is guilty of a crime]

### AGENT BACKGROUND

3.   I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in 18 U.S.C. § 2516.

### FACTS SUPPORTING PROBABLY CAUSE

4.   On July 6, 2007, at approximately 1:00 p.m., an unknown male (UM) called into the office line of the Wells Fargo Branch located at 2792 Homestead Road, Santa Clara, California. The UM identified himself as a San Jose Police Officer, advised he was conducting an investigation and requested to speak to teller Katy Lyter. Once Lyter got on the phone, the UM told her there were "four devices in the branch hooked up to a cell trigger. Do you understand?" The UM demanded "$100,000 in large unmarked bills and deliver it to a location." The UM wanted Lyter's cellular telephone number and he would call her with further instructions. Lyter complied and provided the UM her phone number, 408-455-2335. After the brief call with the UM, Lyter told her coworkers about the disturbing phone call she just had. One of Lyter's coworkers then notified Well Fargo corporate security. Santa Clara Police Department was then

notified by Wells Fargo corporate security and responded to the branch.

5.   Lyter reported the first call from the UM to her cellular phone came at approximately 1:21 p.m. The caller identification of the incoming call was blocked and so the number from which the UM called from was unknown.

6.   The next several calls the UM placed to Lyter were from an unblocked number, 202-230-6545. During these calls the UM asked about the status of the money. At the direction of law enforcement, Lyter told the UM the bank would not allow her to deliver the money by herself and that the UM would have to talk to the person who would be making the delivery. Thereafter, FBI Special Agent Leon Nikas, posing as a bank employee, took incoming calls from the UM.[1] Through the next several calls, the UM provided Agent Nikas with several instructions such as, stop on the shoulder of the onramp from Saratoga Avenue onto Interstate 280 north with the emergency lights flashing. Finally, the UM instructed Agent Nikas to drive eastbound on Stevens Creek Boulevard in San Jose. The UM told Agent Nikas that after he drives pass Cronin Drive, there is a silver BMW vehicle that is parked on Stevens Creek. Agent Nikas is to park his vehicle behind the BMW and throw the money over the fence. Agent Nikas

---

[1] After your Affiant was dispatched to the scene, calls between the UM and Lyter were recorded. Calls between the UM and Agent Nikas were recorded when possible to avoid detection.

v2.0                                    3

delivered a bag filled with approximately $1,200 in cash to the agreed location. The money bag was a blue zippered bank bag with the name WELLS FARGO BANK F.S. clearly printed on it in large letters. A transmitter was also planted with the money.

7. Surveillance agents and officers then kept watch of the money bag and the surrounding areas. During this time, agents and officers noticed an Asian male, later identified as LY, wearing blue jeans and grey polo shirt walked pass the bag containing the money. LY walked slowly and appeared to be aimlessly while talking on a cellular phone. LY immediately noticed the officers and an agent in plain clothes sitting inside their surveillance van. Moments later LY was seen driving out of the complex in a black Acura with California license plate 4MOF728.

8. A few minutes later, Agent Nikas received an incoming call from the UM telling Agent Nikas he spotted a blue minivan with guys inside whom he suspected (correctly) were police officers. Agent Nikas assured the UM that the men were probably waiting to pickup someone at the apartment. The surveillance van was then ordered out of the complex replaced by other surveillance units.

9. Some time later, surveillance units observed LY again driving the black Acura out of the complex from the west entrance of the complex. It is believed LY returned to the

complex via the south entrance to survey the area for the presence of law enforcement. The money bag remained at the same location however.

10. At approximately 7:45 p.m., LY was again observed loitering around the area of the money, this time with his dog. LY had changed his clothes to wearing khaki shorts and white t-shirt. LY first walked westbound on Albany Circle pass the money bag. LY then turned around and made a direct line to the money bag, picked up the bag, and walked out of view into the building located on the north-east corner of the complex.

11. When officers and agents converged to the scene, LY had already gotten into the black Acura and was about to drive away. Agents detained LY and asked about the money bag he had picked up. LY told the agents he thought the bag was just trash so he picked it up to throw it in the trash. LY showed agents how he had taken the bag upstairs to his building and put the bag in the trash chute. LY showed agents where the trash chute leads to. When agents searched the area of the receiving end of the trash chute, however the bag could not be found. LY then told agents that he had forgotten that he had put the bag in the recycle bin instead of the trash chute. LY then showed agents where the recyclable room is located which is right next to the trash chute door. There were two recycle bins located inside a recyclable room. When agents search the recycle bins, the money

bag was found in one of the bins. However, the bag was empty. Agents asked LY where the money was. LY stated he did not know anything about the money. Upon careful search of the recyclable room, agents found a shoe box located on top of a network server that was also located inside the recyclable room. Inside the box contained the same money and transmitter that were initially put in the money bag.

### LY DECLINED REQUEST FOR VEHICLE SEARCH

12.   When agents first found the money bag to be empty, agents told LY they believe the money was in his vehicle. Agents asked LY for permission to look inside his vehicle to see if they could find any money. LY told agents he had about $300 in $100 denomination in the center console of his vehicle. LY then retrieved the money for the agents to see but did not permit agents to look inside his vehicle. When asked what LY had in the trunk. LY stated he had a lot of stuff but was adamant about not allowing agents to look inside the trunk of his vehicle.

### STATE OF CALIFORNIA CHARGES

13.   Officers of the Santa Clara Police Department placed LY under arrest. LY is currently charged with California Penal Code (PC) 242, threat/intimidate; PC 211, robbery; PC 519, extortion by threat.

## CONCLUSIONS

14. Based on the aforementioned, I believe there is probable cause to believe that ROGER BAO DOANH LY and others as yet unknown have engaged in attempted bank robbery, in violation of 18 U.S.C. § 2113(a). Accordingly, the government requests a no bail arrest warrant for ROGER BAO DOANH LY.

15. In addition to avoid inadvertent or public disclosure of information while a criminal investigation is conducted, we request that the arrest warrant and accompanying affidavit be filed under seal until further order of the Court.

VINH D. NGUYEN
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me this
10th day of July 2007

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA